IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| DOMONIC DEWIGHT JOHNSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 10-5042-CV-SW-ODS |
| ) | Crim. No. 07-05060-01-CR-SW-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND OPINION (1) DENYING MOTION FOR POSTCONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255; AND (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Pending is Movant's Motion for Postconviction Relief Pursuant to 28 U.S.C. § 2255 (Doc. 1). The motion is denied.

## I. BACKGROUND

Movant was sentenced to 123 months' imprisonment after he pled guilty to conspiracy to distribute cocaine and marijuana and to possessing a firearm in furtherance of a drug trafficking crime. He did not appeal his convictions or sentence. Movant's 28 U.S.C. § 2255 motion raises numerous allegations, none of which entitle him to relief.

## II. DISCUSSION

The Court is required to grant Movant an evidentiary hearing on his motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In his plea agreement, Movant waived his right to collaterally attack his convictions; he also waived his right to collaterally attack his sentence on any ground except a sentence imposed in excess of

the statutory maximum or an illegal sentence.  Movant appears to have waived the claims he raises in his § 2255 motion.

For Movant's waiver to be enforceable, he must have pled knowingly and voluntarily.  *See DeRoo v. U.S.*, 223 F.3d 919, 924 (8th Cir. 2000).  Movant argues he received ineffective assistance of counsel.  For ineffective assistance of counsel claims, the Court first determines whether counsel's representation fell below an objective standard of reasonableness.  *Padilla v. Kentucky*, 130 S. Ct. 1473, 1482 (2010).  The Court then asks whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.*

For his first ineffective assistance claim, Movant has printed a 6-page checklist of possible indictment defects from a publication titled *Criminal Defense Techniques*.  But Movant does not specify what jurisdictional arguments should have been raised, nor does he establish they would have been successful.  Counsel was not required to raise every conceivable issue, regardless of merit.  *See Sweet v. Delo*, 125 F.3d 1144, 1159 (8th Cir. 1997).  No ineffective assistance has been shown.

Movant's second ineffective assistance claim is that his attorney failed to challenge the indictment for lack of the grand jury foreperson's signature.  The electronically-filed indictment contains an electronic signature (using an "/s/" notation), but does not state the foreperson's name.  The /s/ notation was used to reflect the foreperson signed the actual indictment, which is kept by the Court and not filed in ECF for privacy reasons.  Movant's argument fails.

Movant's third ineffective assistance claim is that his counsel failed to challenge the federal government's jurisdiction over the location where his crimes occurred.  Movant's argument–that the United States did not have jurisdiction unless Missouri ceded this land to the federal government–is baseless.  *See U.S. v. Gerhard*, 615 F.3d 7, 25-26 (1st Cir. 2010) (rejecting as "utterly frivolous" argument federal laws did not apply unless New Hampshire ceded land to United States).

Movant's final ineffective assistance argument relates to the search and seizure.[1] Movant complains there are no signatures from the executing officers on either the warrant or the inventory and that the inventory does not list a vehicle and cash that were seized from him. But there is no requirement that the officers sign the warrant. And even though Fed. R. Crim. Pro. 41(f)(1)(B) requires an officer to "prepare and verify" an inventory of seized property, suppression of incriminating evidencie would not be warranted merely for lack of a signature or for failure to list two non-incriminating items. *See U.S. v. Stockheimer*, 807 F.2d 610, 613 (7th Cir. 1986). Movant also argues counsel was deficient in failing to challenge the presence of an executing officer who allegedly "was involved in previous illegal seizures of the same matter," but Movant fails to explain how this officer's presence violated the Fourth Amendment. Movant has not established ineffective assistance of counsel.

In addition to rejecting Movant's ineffective assistance claims, the Court has reviewed the plea transcript, which confirms Movant's guilty plea was knowing and voluntary. Since his plea is valid, Movant's waiver of his right to collaterally attack his conviction and sentence will be enforced.

Even if the Court disregarded Movant's waiver of collateral review in his plea agreement, Movant still would not be entitled to relief. Movant did not raise any of his claims before at the district court or appellate court level. "Claims not made during district court proceedings or on direct appeal are procedurally defaulted and may not be raised for the first time in a § 2255 motion." *U.S. v. Hamilton*, 604 F.3d 572, 574 (8th Cir. 2010).

And none of Movant's claims have merit. Movant argues his is actually innocent of participating in the drug conspiracy and possessing a firearm in furtherance of drug trafficking, but he expressly admitted in his plea agreement that he committed these crimes. These admissions "carry a strong presumption of verity and pose a formidable

---

[1] Movant asserts these claims in arguing counsel was deficient for failing to challenge subject matter jurisdiction. The Court liberally construes these Fourth Amendment claims to include the allegation trial counsel was ineffective for not raising them. If not for this construction, Movant's guilty plea would constitute a waiver of these claims. *See Smith v. U.S.*, 876 F.2d 655, 657 (8th Cir. 1989).

3

barrier in any subsequent collateral proceedings." *Nguyen v. U.S.*, 114 F.3d 699, 703 (8th Cir. 1997) (citations omitted; internal quotations omitted). His actual innocence claim also fails because he has not supported it with the requisite showing of "'new reliable evidence.'" *Wadlington v. U.S.*, 428 F.3d 779, 783 (8th Cir. 2005). Movant additionally contends the government obtained its evidence against him from an informant whose credibility was not "tested" under Fed. R. Evid. 608. But by pleading guilty, Movant relinquished his right to confront and cross-examine witnesses against him.

The motion, files, and records of the case conclusively show that Movant is entitled to no relief. No evidentiary hearing is required, and Movant's § 2255 motion is denied.

The Court is required to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 11(a). A certificate of appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires Movant to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted). Movant's arguments are demonstrably incorrect, and there is no justification for further proceedings. The Court declines to issue a certificate of appealability.

III. CONCLUSION

No evidentiary hearing is required on Movant's § 2255 motion, and it is denied. The Court declines to issue a certificate of appealability.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: November 3, 2010　　　　　UNITED STATES DISTRICT COURT

4